## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DAVID LETTIERI, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:25-cv-11372 JEK |
| FEDERAL MEDICAL CENTER DEVENS, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION

**KOBICK, J.**

Plaintiff David Lettieri, who is representing himself in this action, filed a complaint on May 12, 2025 against certain correction officers and administrators at FMC Devens, where he is serving his sentence. ECF 1. He also moved for leave to proceed *in forma pauperis* that same day. ECF 2. On August 22, 2025, Magistrate Judge Kelley denied the motion without prejudice and directed Lettieri to either pay the $405 filing fee or show good cause why he should not be required to do so by September 19, 2025. ECF 6; *see* ECF 7 (copy mailed). She reasoned that under the so-called three-strikes provision of the Prison Litigation Reform Act of 1995, Lettieri could not proceed *in forma pauperis* because he had "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted" and had not demonstrated that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see* ECF 6, at 2-3.

On November 5, 2025, Judge Kelley issued a Report and Recommendation recommending that this action be dismissed for failure to comply with the August 2025 order or pay the filing fee. ECF 9; *see* ECF 10 (copy mailed). Lettieri filed an objection to this Report and Recommendation on November 24, 2025 asserting that the "imminent danger" exception to the three-strikes rule applies. ECF 13. As Lettieri concedes, the three-strikes rule is applicable here because he has, while a prisoner, filed more than three non-habeas actions that federal district courts, including this Court, have dismissed for failure to state a claim upon which relief may be granted. ECF 6, at 2 (collecting cases and applying three-strikes rule); *see Lettieri v. Santander Bank N.A.*, No. 24-1781, 2025 WL 2823585, at *1 (1st Cir. June 18, 2025) (affirming Lettieri's "'three-strikes' status"). As a result, he cannot proceed with this case without prepaying the filing fee unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Even construing his complaint and objection liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), Lettieri "has not met the imminent danger exception of § 1915(g)," *Reis v. Spectrum Health Sys., Inc.*, No. 13-1482, 2013 WL 12569246, at *1 (1st Cir. July 17, 2013). Lettieri alleges in the complaint that certain defendants "threatened" to transfer him to "a more dangerous prison" where he "wouldn't be able to yell for help if [he] got stabbed."  ECF 1, ¶¶ 7-8. I agree with Judge Kelley, however, that this alleged threat is "speculative and not imminent." ECF 6, at 3; *accord Lettieri v. Fed. Med. Ctr. Devens Mailroom*, No. 25-cv-11174-AK, 2025 WL 2534266, at *2 (D. Mass. Sept. 3, 2025). Likewise, Lettieri asserts in his objection that "the guards" sometimes "harass" him and have "threaten[ed] to have [his] legal work throw[n] out." ECF 13. But such alleged misconduct does not place him in imminent danger of any physical injury. Lettieri also claims that he has been "assaulted" and "cough[ed] up blood" that "medical didn[']t cure." *Id.* While this language reflects *prior* physical injury, it does not indicate an "*imminent* danger of

2

*serious* physical injury." 28 U.S.C. § 1915(g) (emphases added). Lettieri acknowledges having received medical treatment and does not allege any ongoing physical mistreatment.

Having reviewed the Report and Recommendation and Lettieri's objection, I agree with Judge Kelley's determination. Lettieri is subject to the three-strikes provision and has not shown that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Nor has Lettieri paid the filing fee. Accordingly, this action is dismissed without prejudice for failure to pay the filing fee. *See Ewers v. Massachusetts*, No. 23-cv-12102-RGS, 2023 WL 8039296, at *2 (D. Mass. Nov. 17, 2023).

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
Dated: December 1, 2025                    UNITED STATES DISTRICT JUDGE